**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| | ) | **Bankruptcy Case No.** |
| **THOMAS T. SUCHODOLSKI,** | ) | **25-30238-EDK** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| **THOMAS T. SUCHODOLSKI,** | ) | |
| | ) | |
| **Appellant,** | ) | **Civil Action No.** |
| | ) | **25-13764-FDS** |
| v. | ) | |
| | ) | |
| **U.S. BANK NATIONAL ASSOCIATION,** | ) | |
| **as trustee, on behalf of the holders of the** | ) | |
| **ASSET BACKED SECURITIES** | ) | |
| **CORPORATION HOME EQUITY LOAN** | ) | |
| **TRUST, SERIES NC 2006-HE4, and** | ) | |
| **SELECT PORTFOLIO SERVICING, INC.** | ) | |
| | ) | |
| **Appellees.** | ) | |
| | ) | |

## ORDER

**SAYLOR, J.**

This is an appeal from a bankruptcy court proceeding. Thomas T. Suchodolski, the debtor and appellant, is proceeding *pro se*. Appellees are U.S. Bank National Association, as trustee, on behalf of the holders of the Asset Backed Securities Corporation Home Equity Loan Trust, Series NC-2006-HE4, and Select Portfolio Servicing, Inc. The appeal seeks to reverse an order of the Bankruptcy Court denying a motion for sanctions for an alleged violation of the automatic stay.

The notice of appeal was filed on November 26, 2025. Under Fed. R. Bankr. P. 8009, appellant was to file with the Bankruptcy Court clerk a designation of the items to be included in

the record on appeal, and a statement of the issues to be presented, within 14 days.  On December 15, 2025, the clerk for the Bankruptcy Court filed a certification of default indicating that no such filing had been made.  (Dkt. No. 4).  Appellant then made the required filings on December 22, 2025.  (Dkt. Nos. 6, 7).

On January 7, 2026, the Court issued a scheduling order providing that appellant should file his brief by January 21, 2026.  (Dkt. No. 11).

Appellant moved on January 21, 2026, for an extension of time to February 20, 2026, in which to file his brief.  (Dkt. No. 15).  The Court granted that motion.  (Dkt. No. 16).

On February 19, 2026, appellant filed a second request for an extension, seeking to extend the deadline to March 13, 2026.  (Dkt. No. 17).  The Court granted that motion.  (Dkt. No. 18).

On March 13, 2026, appellant file a further request for an extension, seeking to extend the deadline to April 6, 2026.  (Dkt. No. 19).  He stated, as the basis for his request, that he "has been ill with the flu, materially impairing [his] ability to concentrate and complete a compliant opening brief."  (*Id.*).  The Court granted that motion.  (Dkt. No. 20).

On April 6, 2026, appellant filed yet another request for an extension, this time seeking to extend the deadline to May 4, 2026.  (Dkt. No. 22).  Appellant gave as a reason for the extension that "good cause exists because the illness underlying [his] prior extension resulted in a litigation backlog that has since collided with multiple court-ordered deadlines and hearings in the underlying bankruptcy case and related litigation."  (*Id.* at 2).  Appellees opposed the request. (Dkt. No. 23).  The Court did not take action on the motion.  Appellant has not requested additional time, and he did not file his brief either by the applicable deadline or the requested extended deadline.

It appears that the underlying bankruptcy proceeding remains active; as noted, the present appeal is from a collateral order denying a motion for sanctions.  Under the circumstances, the Court sees no reason to prolong this process any further.  Accordingly, this appeal is hereby DISMISSED without prejudice for failure to prosecute.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated:  August 6, 2026